UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RODNEY GIESLER, MARY GIESLER, <br><br> Plaintiffs, <br><br> vs. <br><br> EARL HENRY HIRCHERT and KRAFT, LLC, <br><br> Defendants. | 5:16-CV-05088-JLV <br><br> AMENDED ORDER DENYING MOTION TO AMEND COMPLAINT (DOC. 12) |

This is a diversity action arising out of a collision between a semi tractor-trailer and a farm tractor on February 16, 2015, on South Dakota Highway 73 in Perkins County. Plaintiffs Rodney Giesler and Mary Giesler filed a Motion to Amend the Complaint (Doc. 12) requesting leave to add a claim for punitive damages against Defendants Earl Hirchert and Kraft LLC. United States District Court Judge Jeffrey L. Viken, Chief Judge, referred Plaintiffs' Motion to this magistrate judge for determination. (Doc. 24).

**FACTUAL BACKGROUND**

The relevant facts as alleged in the proposed Amended Complaint are as follows. Defendant Earl Hirchert operated a semi tractor-trailer unit for his employer, Defendant Kraft LLC. (Doc. 12-1 at p. 2). On February 16, 2015, Mr. Hirchert was traveling north on South Dakota Highway 73 when he saw an oncoming gas truck in the southbound lane at a distance. After driving over a dip in the highway, Mr. Hirchert then saw plaintiff Rodney Giesler's farm

1

tractor traveling in the northbound lane, about a quarter-mile ahead of him. The highway was snowy and slippery; nevertheless, Mr. Hirchert waited to apply his brakes, and realized he was approaching the farm tractor too quickly to slow down. Mr. Hirchert decided to try to pass the farm tractor, even though he was in a no-passing zone and he knew the gas truck was approaching in the southbound lane. (Doc. 12-1 at p. 3). While passing the farm tractor, Mr. Hirchert engaged his brakes, which caused the rear of the semi-trailer to slide sideways and impact the farm tractor. The impact broke the farm tractor's axle housing and the tractor spun and rolled into the ditch, pinning Mr. Giesler and causing him to suffer a variety of serious injuries. (Doc. 12-1 at p. 3–4). Following the accident, Kraft LLC was cited for violating the Federal Motor Carrier Safety Regulations: the tractor-trailer involved in the accident was equipped with inadequate brake linings, violated the minimum tire tread depth requirements, and its brakes were out of adjustment on two of the three trailer axles. (Doc. 12-1 at p. 5–6).

The proposed Amended Complaint alleges that inadequate inspection and maintenance caused the cited deficiencies. (Doc. 12-1 at p. 5). Kraft LLC knew that the cited deficiencies could cause unequal braking, pulling, and difficulties controlling the semi-truck in an emergency stop. (Id.). Kraft LLC was aware that the Federal Motor Carrier Safety Regulations require drivers prepare and sign daily written reports on each operated vehicle, including on the vehicle's tires and brakes; nevertheless, Kraft LLC had its drivers report

2

deficiencies on a dry-erase board, and no written record or report was ever prepared or certified. (Doc. 12-1 at p. 6).

In support of their proposed claim for punitive damages, Plaintiffs allege that Mr. Hirchert and Kraft LLC failed to properly inspect and report deficient tires and brakes on the semi-truck, and failed to prepare written reports regarding necessary repairs and maintenance, thereby acting in reckless indifference to important safety rules regarding inspection, maintenance, and commercial vehicle operation. (Doc. 12-1 at p. 10–12). Plaintiffs further allege that Mr. Hirchert failed to operate the semi-truck with extreme caution in hazardous conditions, in violation of Section 392.14 of the Federal Motor Carrier Safety Regulations; violated state law by attempting to pass in a no-passing zone; violated state law by operating the semi-truck at a greater-than-reasonable speed in hazardous conditions; and acted in reckless indifference for the safety of other highway users. (Id.).

## DISCUSSION

Plaintiffs move to amend the Complaint to add a claim for punitive damages. (Doc. 12). Defendants argue that Plaintiffs fail to show good cause to amend the Complaint outside the court's scheduling order. Even if Plaintiffs show good cause, Defendants argue that the proposed amendment is futile.

### A. Whether Plaintiffs Show Good Cause to Amend Complaint

Federal Rule of Civil Procedure 15 requires that "leave to amend a complaint 'shall be freely given when justice so requires,' but the granting of such a motion is left to the discretion of the district court." Kaufmann v.

Sheehan, 707 F.2d 355, 357 (8th Cir. 1983) (quoting Fed. R. Civ. P. 15(a)). "[A]bsent a good reason for denial—undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted." Thompson–El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

However, Rule 15(a) does not apply when, as here, the "district court has established a deadline for amended pleadings under FRCP 16(b)." Kozlov v. Assoc. Wholesale Grocers, Inc., 818 F.3d 380, 395 (8th Cir. 2016) (internal quotations omitted). The January 19, 2017, scheduling order established an amendment deadline of March 17, 2017. (Doc. 11). Thus, "the liberal policy favoring amendments no longer applie[d]" when Plaintiffs filed their motion to amend on August 15, 2017. Kozlov, 818 F.3d at 395. Rather, Plaintiffs must now make "a showing of good cause" to amend their complaint. Id.; Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

### 1. Diligence

The primary measure of good cause for an amended complaint is the movant's diligence in attempting to meet the scheduling order's requirements. Morrison Enters., LLC v. Dravo Corp., 638 F.3d 594, 610 (8th Cir. 2011) (internal citations omitted). "Motions that would prejudice the nonmoving party by requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy are particularly disfavored." Kozlov, 818 F.3d at 395 (internal

4

quotations omitted) (affirming district court's denial of motion to amend where movant waited three years after obtaining relevant evidence before adding negligent hiring claim); see also Harris v. FedEx Nat. LTL, Inc., 760 F.3d 780, 786–87 (8th Cir. 2014) (affirming district court's denial of motion to amend where movant sought to amend complaint 17 months after deadline and attempted to add an entirely new theory of recovery); Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948–89 (8th Cir. 2012) (finding plaintiffs did not act diligently by waiting to amend their complaint until two years after deadline; plaintiffs' delay was deliberately intended to prevent class certification denial); Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 717–718 (8th Cir. 2008) (reversing district court and finding movant failed to show diligence in amending complaint; movant attempted to add affirmative defense eighteen months after deadline for amending pleadings, and eight months after becoming aware of defense's applicability).

In Nationwide Mut. Ins. Co. v. Korzan, 15-CV-4124-KES, 2016 WL 4148242 (D.S.D. Aug. 4, 2016), this court addressed the issue of good cause, where defendants moved to amend their complaint four months after receiving relevant evidence and two months after the deadline to amend. The court found that the delay "fail[ed] to compare to situations where courts have not found good cause." Id. at *3 (contrasting cases where movants delayed amendments for between one and three years). No evidence existed that defendants deliberately delayed their motion to amend; furthermore, defendants did not miss any other scheduling deadlines. Id. The court

5

accordingly found that the defendants' delay was relatively brief, and good cause existed.  Id.; compare Lee v. Driscoll, No. 14-CV-4146-LLP, 2016 WL 1337248, at *3–4 (D.S.D. Mar. 31, 2016) (denying plaintiffs' motion to amend complaint and add punitive damages because plaintiffs waited six months after completing depositions and discovering relevant evidence before filing motion to amend).

Here, Plaintiffs argue there is good cause to amend their complaint to include a punitive damages claim because the relevant evidence was not discovered until after the court's deadline to amend the pleadings had passed. (Doc. 23 at p. 3–4).  Plaintiffs assert that they filed the motion to amend forty-seven days after discovering the evidence for the punitive damages claim.  Id. at p. 4; compare with Lee, 2016 WL 1337248, at *3–4.  Like Korzan, this court finds no evidence that Plaintiffs deliberately delayed their motion to amend or engaged in otherwise subversive tactics.  Furthermore, like in Korzan, Plaintiffs have not missed any other scheduling deadlines, and filed their request to amend before the discovery and motions deadlines.  The delays in this case—five months past the deadline to amend pleadings and less than two months past the discovery of the relevant evidence—"fail to compare to situations where courts have not found good cause."  Korzan, 2016 WL 4148242, at *3.  Thus, the court finds that Plaintiffs were diligent in filing their motion to amend the complaint.

## 2. Undue Prejudice

The second consideration in the good cause analysis is whether undue prejudice would result from scheduling order modifications. Sherman, 532 F.3d at 717 (holding that undue prejudice should only be explored if the movant has been diligent). "The burden of proving prejudice lies with the party opposing the motion." Lillibridge v. Nautilus Ins. Co., No. 10-CV-4105-KES, 2013 WL 870439, at *6 (D.S.D. Mar. 7, 2013) (internal citations omitted). Defendants claim that Plaintiffs' amendment will result in prejudice because the parties may need to redo depositions.

In Korzan, this court found that movants' delayed request to amend their answers did not prejudice plaintiffs, because their motion was filed before the discovery and motions deadlines. By contrast, in Pucket v. Hot Springs Sch. Dist. No. 23-2, 239 F.R.D. 572, 590 (D.S.D. 2006) this court denied movants' request to raise third-party complaints three years after the pleadings deadline passed, after "[d]iscovery is closed and the motions deadline has passed," while "[t]here are three pending motions for summary judgment," and when "third-party defendants would want to engage in [further] discovery" would delay the case and result in prejudice. Id.

Here, like in Korzan, Plaintiffs filed their motion to amend before the discovery and motions deadlines. The court finds that Defendants have not met their burden to prove prejudice. For the above reasons, Plaintiffs have shown good cause to file their motion to amend the complaint.

## B. Whether Plaintiffs' Proposed Amendments Are Futile

Defendants argue that Plaintiffs' proposed amendments are futile. Denial of a motion for leave to amend on the basis of futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008).

When ruling on a motion to dismiss under Rule 12(b)(6) for failure to state a claim, a district court generally may not consider materials outside the pleadings, other than some public records, materials that do not contradict the complaint, or materials that are "necessarily embraced by the pleadings." Noble Systems Corp. v. Alorica Cent., LLC, 543 F.3d 978, 982 (8th Cir. 2008); Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). This court will therefore consider only the sufficiency of the allegations contained in the proposed Amended Complaint in determining the futility issue. Wheeler v. Hruza, No. 08-CV-4087-LLP, 2010 WL 2231959, at *2 (D.S.D. June 2, 2010) (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

8

formulaic recitation of the elements of a cause of action will not do.'" C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347, 591 F.3d 624, 629–30 (8th Cir. 2010) (quoting Twombly, 550 U.S. at 555).

Plaintiffs' proposed Amended Complaint adds a claim for punitive damages. A claim for punitive damages is not a separate cause of action, but rather a type of damages available to punish and deter tortfeasors. Dziadek v. Charter Oak Fire Ins. Co., No. 11-CV-4234-RAL, 2015 WL 7760193, at *11 (D.S.D. Dec. 1, 2015). Because this is a diversity action, the substantive law of South Dakota governs this case. Hammonds v. Hartford Fire Ins. Co., 501 F.3d 991, 996 n.6 (8th Cir. 2007). Therefore, in determining whether the proposed Amended Complaint in this case contains a claim for punitive damages that is plausible on its face, this court must examine South Dakota law on punitive damages.

Under South Dakota law, punitive damages are prohibited unless expressly authorized by statute. See SDCL § 21-1-4. Punitive damages in tort actions are authorized by South Dakota law. See SDCL § 21-3-2. In order to submit a request for punitive damages to the jury, the plaintiff must prove that the defendant acted with malice, either actual or presumed. See Holmes v. Wegman Oil Co., 492 N.W.2d 107, 112–13 (S.D. 1992); SDCL § 21-3-2.

Plaintiffs' proposed Amended Complaint alleges the defendants acted with presumed malice. The South Dakota Supreme Court has defined presumed malice as "malice which the law infers from or imputes to certain acts. Thus, while the person may not act out of hatred or ill-will, malice may

9

nevertheless be imputed if the person acts willfully or wantonly to the injury of the other." Selle v. Tozser, 786 N.W.2d 748, 757 (S.D. 2010). "Willful and wanton misconduct demonstrates an affirmative, reckless state of mind or deliberate recklessness on the part of the defendant." Berry v. Risdall, 576 N.W.2d 1, 35 (S.D. 1998) (internal quotation omitted). The defendant's state of mind is determined objectively. Id.

In South Dakota, many punitive damages requests stemming from motor vehicle accidents are based on the defendant driving while intoxicated. See Straub v. Flevares, No. 13-CV-4120-KES, 2016 WL 1452363, at *3–5 (D.S.D. Apr. 13, 2016) (listing South Dakota cases where plaintiffs based punitive damages claims on driver intoxication). However, the South Dakota Supreme Court has established that "intoxication, by itself, does not establish the malice necessary to impose punitive damages." Berry, 576 N.W.2d at 9. Rather, presumed malice "implies that the act complained of was conceived in the spirit of mischief or criminal indifference to civil obligations." Dahl v. Sittner, 474 N.W.2d 897, 900 (S.D. 1991) (quoting Hannahs v. Noah, 158 N.W.2d 678, 682 (S.D. 1968)). Thus, while an "injurious act is not sufficient to constitute presumed malice," malice may "be shown by demonstrating a disregard for the rights of others." Bertelsen v. Allstate Ins. Co., 833 N.W.2d 545, 555–56 (internal citations omitted).

With respect to establishing presumed malice in the operation of a vehicle, the South Dakota Supreme Court has stated "[it] means something more than negligence . . . there must be facts that would show that defendant

10

intentionally *did* something in the operation of the motor vehicle which he should not have done or intentionally *failed* to do something which he should have done[.]" Tranby v. Brodock, 348 N.W.2d 458, 461 (S.D. 1984) (emphasis added). In other words, "[t]he conduct must be more than mere mistake, inadvertence, or inattention." Gabriel v. Bauman, 847 N.W.2d 537, 543 (S.D. 2014). The defendant must have "an affirmatively reckless state of mind." Allen v. McLain, 58 N.W.2d 232, 234 (S.D. 1953).

Furthermore, in order to find presumed malice the defendant must have consciously realized, under the circumstances, "that his conduct would in all probability, as distinguished from possibility, produce the precise result which it did produce and would bring harm to the plaintiff." Tranby, 348 N.W.2d at 461. The South Dakota Supreme Court has often found presumed malice based on a combination of intoxication and reckless driving, a history of drunk driving or law violations, and/or knowledge of a defective vehicle. See, e.g., Flockhart v. Wyant, 467 N.W.2d 473, 474 (S.D. 1991) (finding presumed malice where defendant had a long history of drunk driving and, on night of accident, consumed alcohol before and during 50-mile drive); Lukens v. Zavadil, 281 N.W.2d 78, 79–81 (S.D. 1979) (finding presumed malice where 16-year-old defendant had limited driving experience; consumed alcohol before driving; knew vehicle's windshield wipers were not working properly, and nevertheless drove in the rain, late at night, on a strange road, and fell asleep at the wheel); Brewer v. Mattern, 182 N.W.2d 327, 362–63 (S.D. 1970) (finding presumed malice where defendant consumed alcohol, drove between 50 and 60 miles per

11

hour on an icy gravel road, where the posted speed limit was 25 miles per hour and ignored detour and warning signs, as well as passenger's warnings that the road curved sharply); Wentzel v. Huebner, 104 N.W.2d 695, 699 (S.D. 1960) (finding presumed malice where defendant consumed alcohol and accelerated up to 90 miles per hour on snowy winding road with posted speed limit of 35 miles per hour, with five passengers in car).

By contrast, the South Dakota Supreme Court has precluded the jury from considering punitive damages in cases involving simple violations of traffic laws, intoxication on its own, or otherwise negligent behavior where reasonable persons under the same or similar circumstances would not consciously realize their conduct would probably cause the resulting accident. See, e.g., Smizer v. Drey, 873 N.W.2d 697, 704 (S.D. 2016) (no presumed malice where defendant knew it would be difficult to stop on gravel road but ignored posted yield sign and drove through intersection without looking); Gabriel, 847 N.W.2d at 543 (no presumed malice where defendant was speeding, plaintiff suddenly pulled out in front of defendant, and defendant was unable to stop in time); Tranby, 348 N.W.2d at 461–62 (no presumed malice where defendant consumed seven beers before driving down straight, level country road and, at time of accident, was driving five to ten miles per hour over the speed limit); see also Wheeler, 2010 WL 2231959 at *3 (denying motion to amend complaint and finding proposed punitive damages claim futile where defendant made illegal u-turn on Interstate 90 while pulling a trailer and disregarding traffic, because plaintiff alleged nothing more than negligence).

Here, the Proposed Amended Complaint fails to allege that Defendants' conduct "would in all probability, as distinguished from possibility, produce the precise result which it did produce and would bring harm to the plaintiff." Tranby, 348 N.W.2d at 461. In cases such as Lukens and Brewer, the South Dakota Supreme Court found presumed malice based on a combination of circumstances including driver intoxication, reckless driving in dangerous conditions, knowledge of a defect in the vehicle, and a history of law violations while driving. See Lukens, 281 N.W.2d at 79–81; Brewer, 182 N.W.2d at 362–63. Circumstances such as those in Lukens and Brewer show the defendant "intentionally did something in the operation of the motor vehicle which he should not have done or intentionally failed to do something which he should have done[.]" Tranby, 348 N.W.2d at 461. Such facts are absent here.

Here, the Proposed Amended Complaint fails to point to any facts amounting to more than simple negligence. Plaintiff's proposed amendments do not claim that Mr. Hirchert was speeding, intoxicated, or had any record of dangerous driving. Plaintiffs allege that Defendants violated federal regulations by tracking vehicle defects on a whiteboard, and further allege that Defendants failed to properly repair or maintain Mr. Hirchert's semi-truck. (Doc. 12-1 at p. 11). While such allegations may support a negligence claim, Plaintiffs fail to allege any willful disregard of a known defect, or that Defendants intentionally failed to do something that they should have done in the circumstances. See Tranby, 348 N.W.2d at 461. Defendants' alleged conduct simply does not exceed "mere mistake, inadvertence, or inattention." Gabriel, 847 N.W.2d at

13

543. In short, the Proposed Amended Complaint alleges a negligence claim and then inserts a "formulaic recitation" that Defendants' conduct was "willful and wanton." Wheeler, 2010 WL 2231959 at *3 (citing Twombly, 550 U.S. at 555). Plaintiffs' amended claim does not contain sufficient factual matter which, if accepted to be true, states "a claim to relief [for punitive damages] that is plausive on its face." Id. (quoting Twombly, 550 U.S. at 570). The Proposed Amended Complaint is therefore futile.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that Plaintiffs' Motion to Amend the Complaint (Doc. 12) is denied.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 31st day of January, 2018.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge